## No. 11,799.

METROPOLITAN STATE BANK *v.* BISHER, ET AL.

Decided October 17, 1927.

Action on promissory note.   No final judgment in the trial court.

*Writ of Error Dismissed.*

1.   BANKS AND BANKING—*Bank Commissioner—Actions.*   Where a bank commences an action, and its business is taken over by the bank commissioner while the action is pending, it is proper to bring in the commissioner as a party.

2.   ABATEMENT—*Banks and Banking.*   A bank's suit on a promissory note is not abated where its business is taken over by the bank commissioner during the pendency of the action.

3.   BANKS AND BANKING—*Actions.*   A bank commenced an action on a promissory note.   During the pendency of the suit the bank's business was taken over by the bank commissioner, but subsequently returned to the banking corporation.   Held, that the bank could proceed with its action under the facts disclosed by the record.

4.   APPEAL AND ERROR—*Writ of Error—Dismissal.*   A writ of error issued before final judgment in the trial court is premature and will be dismissed on the court's own motion.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. E. P. HUDSON, for plaintiff in error.

No appearance for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS matter is brought to this court on the assignment of errors of the bank, concerning a default order.

It is a suit on a promissory note, brought by the bank against Bisher, et al. The bank was in charge of its own affairs when the suit was brought, but the state bank commissioner took it over for administration while the action was pending, and later, while it was still pending, restored the management to the plaintiff banking corporation. At least, this is brought out in verified motions filed by the parties.

Counsel for defendants sought to have the commissioner substituted as party plaintiff. The court ordered that the commissioner be made a party plaintiff, and gave plaintiff ten days to file an amended complaint. None was filed, and an order was entered finding the plaintiff "guilty of default." Plaintiff filed a verified motion asking to have it set aside, which the court refused. There has been no judgment of dismissal in the district court, and none asked for, as far as the record shows; the case is therefore still pending in that court. The commissioner has not been served with process or notice of the pendency of the action.

The action was properly commenced by the bank, because at that time it was in charge of its own affairs. When it subsequently appeared that the state bank commissioner had taken over the affairs of the bank, after the suit was commenced, it was proper to order him to be brought in. The commissioner, not having been served, is unaffected by the default order. The action has not abated, (1921 Code, § 15) and if it is a fact that the commissioner has since restored the management to the bank, the commissioner's presence would seem to be no longer necessary, and so, as far as this particular matter is concerned, we see no reason why the bank should not, as plaintiff, be permitted to go on with the suit in the trial court.

The writ of error was prematurely sued out in this court, for the reason that no final judgment was entered in the district court. We must therefore dismiss the writ on our own motion.

Only the bank's side of the case has been briefed, but we have given the matter special attention, because it relates to a public official with large and important responsibilities, who has not been brought into court; also because it concerns defendants' rights, and indirectly the stockholders of a state bank, said to have now gone out of business. Inasmuch as the case is still in the hands of the district court, we have no doubt that similar considerations will move the learned trial judge to liberality in permitting the case to be tried on its merits, between the real parties in interest, whoever they are.

Writ dismissed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.